Last revised 12/1/11

**UNITED STATES BANKRUPTCY COURT**
**District of New Jersey**

IN RE: **Gregory A. Schlachter**
**Karen D. Schlachter**

Case No.:
Judge:
Debtor(s)    Chapter: **13**

CHAPTER 13 PLAN AND MOTIONS

☑ Original          ☐ Modified/Notice Required          ☑ Discharge Sought
☐ Motions Included  ☐ Modified/No Notice Required       ☐ No Discharge Sought

Date: **9/23/2015**

THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13
OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

**Part 1: Payment and Length of Plan**

a. The Debtor shall pay **$250 Monthly** to the Chapter 13 Trustee, starting on **October 1, 2015** for approximately **36 months**.

b. The Debtor shall make plan payments to the Trustee from the following sources:

  ☑ Future Earnings

  ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

  ☑ Sale of real property
  Description: **3669 NW 32 Place, Bell, Florida 32619**
  Proposed date for completion:  **October 1, 2016**

  ☐ Refinance of real property
  Description:
  Proposed date for completion:

  ☑ Loan modification with respect to mortgage encumbering property
  Description: **687 6th St., Atco NJ  08004-1155**
  Proposed date for completion:  **April 1, 2016**

d. ☑ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☑ Other information that may be important relating to the payment and length of plan: **Even though Debtor's mortgage payment never included an escrow figure for taxes, the adequate protection payment represents the full principal and interest of $1,066.18 plus $665 for property taxes to Waterford Twp.  The Debtor has homeowner's insurance and has always paid this directly.  Non-exempt proceeds from the sale of 3669 NW 32 Place, Bell, Florida 32619 to be paid to the trustee.**

**Part 2: Adequate Protection**

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $ **1,731.18** to be paid directly by the debtor(s) outside of the Plan, pre-confirmation to **Selene Finance** (creditor).

**Part 3: Priority Claims (Including Administrative Expenses)**

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **McDowell Posternock Apell & Detrick PC** | **Attorney fee** | **$2,500.00** |
| **Camden County MUA** | **Sewer charges** | **$582.93** |

**Part 4: Secured Claims**

**a. Curing Default and Maintaining Payments**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the Debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **Selene Finance** | **687 6th St., Atco NJ  08004** | **$70,000** | **0** | **0** | ***$1,731.18** |

**\* Please note that this is an adequate protection payment subject to the Bankruptcy Court's Loss Mitigation Program.**

**b. Modification**

1.) The Debtor values collateral as indicated below.  If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated.  The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim.  If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

| **NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.** | | | | | | |
|---|---|---|---|---|---|---|
| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
| | | | | | | | |

2

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### c. Surrender

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **-NONE-** | | | |

### d. Secured Claims Unaffected by the Plan

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| **Ally Financial - PT Cruiser (2008)** |
| **Wells Fargo Dealer Services - Smart Car (2009)** |

### e. Secured Claims to be paid in full through the Plan

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

## Part 5:  Unsecured Claims

a. **Not separately classified**  Allowed non-priority unsecured claims shall be paid:

____    Not less than $____ to be distributed *pro rata*

____    Not less than ___ percent

__X__   Pro rata distribution from any remaining funds

b. **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| **-NONE-** | | | |

## Part 6:  Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, **except** the following, which are **assumed:**

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
| **-NONE-** | | |

3

**Part 7: Motions**

> **NOTE: All plans containing motions must be served on all potentially affected creditors, together with a Chapter 13 Plan Transmittal Letter, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Proof of Service must be filed with the Clerk of Court when the Plan and Transmittal Letter are served.**
>
> **Where a motion to avoid liens or partially avoid liens has been filed in the plan, a proof of claim filed that asserts a secured claim that is greater than the amount to be paid in the plan serves as opposition to the motion, and serves as an objection to confirmation. The proof of claim shall be served in accordance with D.N.J. LBR 3015-6(a). The creditor shall file a proof of service prior to the scheduled confirmation hearing. In order to prosecute the objection, the creditor must appear at the confirmation hearing, which shall be the hearing on the motion. Failure to appear to prosecute the objection may result in the motion being granted and the plan being confirmed pursuant to the terms as set forth in the plan**.

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
| | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
| | | | |

**Part 8: Other Plan Provisions**

a. **Vesting of Property of the Estate** Property of the Estate shall revest in the Debtor:

   __X__   Upon Confirmation

   _____   Upon Discharge

b. **Payment Notices** Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

4

    c. **Order of Distribution** The Trustee shall pay allowed claims in the following order:

        1)    Trustee Commissions

        2)    **Other Administrative Claims**

        3)    **Secured Claims**

        4)    **Lease Arrearages**

        5)    **Priority Claims**

        6)    **General Unsecured Claims**

    d. **Post-petition claims**  The Trustee is ☐, is not ☑ authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9 : Modification

If this plan modifies a plan previously filed in this case, complete the information below.

Date of Plan being modified:

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified |
|---|---|
|  |  |
| Are Schedules I and J being filed simultaneously with this modified Plan? | ☐ Yes      ☐ No |

## Part 10: Sign Here

    The debtor(s) and the attorney for the debtor (if any) must sign this Plan.

Date **September 23, 2015**      **/s/ Thomas G. Egner, Esq.**
                                          **Thomas G. Egner, Esq.**
                                          Attorney for the Debtor

I certify under penalty of perjury that the foregoing is true and correct.

Date **September 23, 2015**     Signature    **/s/ Gregory A. Schlachter**
                                                             **Gregory A. Schlachter**
                                                             Debtor

Date **September 23, 2015**     Signature    **/s/ Karen D. Schlachter**
                                                             **Karen D. Schlachter**
                                                             Joint Debtor

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                       Best Case Bankruptcy